UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-14035-CR-MOORE/MAYNARD

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**ROBERT LEE WRIGHT,**

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON FINAL EVIDENTIARY HEARING

**THIS CAUSE** is before the Court for consideration of the pending Superseding Petition for Offender under Supervision ("Petition") (DE 68). Having conducted a hearing, this Court recommends as follows:

    1.    The Defendant appeared before this Court on April 30, 2021 for a hearing on the Petition. The hearing was convened via videoconference on the Zoom platform. At the hearing's outset, the Court advised the Defendant of his right to have the proceeding in person. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference. Having discussed the matter with the Defendant, the Court finds that his waiver of in person appearance and consent to proceed through videoconference is knowing and voluntary. The Court also finds, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

2. After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violation Number 3 (as amended by the Government) and Violation Number 4. Regarding Violation Number 3, the Government announced on the record its intent to amend that violation to reflect only the offenses Defendant was convicted of in his underlying state case. The Government removed those offenses that Defendant was charged with, but which did not result in convictions. Violation Numbers 3 and 4, as amended, as are follows:

**Violation Number 3**     **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about October 27, 2015, in Washington County, Maryland, the offender did commit the offenses of Count One, Possession with Intent to Distribute Cocaine, in violation of Maryland Statute CR.5.602; and Count Four, Illegal Possession of a Firearm, in violation of Maryland Statute PS.5.133.(b).

**Violation Number 4**     **Violation of Standard Condition**, by leaving the judicial district without first securing permission of the probation officer. On or about October 27, 2015, the offender traveled to Hagerstown, Washington County, Maryland without securing the permission of the probation officer or the court, as evidenced by the offender's arrest by the Washington County Sheriff's Office on October 27, 2015.

3. The Defendant admitted Violation Numbers 3 and 4, as amended, under oath. The Government agreed to dismiss the remaining violations after sentencing.

4. The possible maximum penalties faced by the Defendant were read into the record by the Government, and the Defendant stated that he understood those penalties.

5. The Court questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing on Violation Numbers 3 and 4. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions to Violation Numbers 3 and 4 are accepted, all that will remain regarding those

violations will be for the District Court to conduct a sentencing hearing for final disposition of this matter.

6. The Government proffered a factual basis for the admissions into the record. The Government stated that Defendant was convicted in Maryland state court of the offenses alleged in Violation Number 3. The Government proffered that Defendant had not received permission to travel from the probation officer or the court when he was found and arrested in Hagerstown, Maryland on October 27, 2015. The Defendant agreed that the facts as stated by the Government were true and the Government could prove those facts if a hearing were held in this matter. Having heard the factual proffer, this Court finds that it establishes a sufficient factual basis to support Defendant's admissions to Violation Numbers 3 and 4.

7. The parties jointly agree to recommend a sentence of thirty-three months' imprisonment, which is at the low end of the sentencing guidelines. The parties further agree to recommend that the District Court terminate supervised release at the end of Defendant's custody. The Defendant acknowledged his understanding that the District Court is not required to follow the sentencing recommendations of the parties. The Defendant further understands that he will not be able to withdraw his admissions if the District Court rejects the parties' sentencing recommendations.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, this Court recommends to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release as set forth in Violation Numbers 3 and 4, as amended, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States

District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this <u>4th</u> day of May, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE